## WILLIAM CLARK
### vs.
## ALLEN (AL) GAINER

Superior Court    New Haven County    File #53863

MEMORANDUM FILED MAY 3, 1938.

Carl A. Mears, of New Haven; Vincent P. Dooley, of New Haven; Isadore Chaplowe, of New Haven, for the Plaintiff.

John H. Sheehan, of New Haven, for the Defendant.

FOSTER, J.   The plaintiff claims that on the evening of November 4, 1937 he entered a club in New Haven where the defendant was playing cards with two other men, others being present; that conversation arose in which the defendant's name was mentioned in a manner annoying to him; that the defendant arose from the card table, advanced ten or fifteen feet to the plaintiff and struck him a blow with his left fist, causing a fracture of the plaintiff's right lower jaw.

The defendant admits striking the plaintiff.   His explanation is that he was annoyed by remarks made by the plaintiff

and advanced toward the plaintiff to peaceably persuade him to desist from making such remarks; that the plaintiff struck him and that he thereupon struck the plaintiff.

While one may take proper measures in self-defense, the law permits one to use no more force in self-defense than is necessary to avoid harm and injury.

Both the plaintiff and defendant are professional boxers. The plaintiff weighs about 150 pounds and the defendant weighs about 175 pounds. The defendant is a very strong man. The blow struck by the defendant was described as a short arm jab. As illustrated by the defendant from the witness stand, it was exceedingly quick, with perfect timing and the full force of the body back of it. The defendant admits that when the plaintiff struck him, as he claims, he did not "put up his guard." He did not have to do so.

Such of the witnesses to the incident as testified support the claim of the plaintiff. If the account given by the defendant were to be accepted it would be necessary to find that the defendant used much more force than was necessary for self-protection.

The plaintiff suffered a comminuted fracture of the right lower jaw. He went to a hospital, where the parts were brought together and rendered immobile with wire, and the wire was removed at the end of five weeks. The plaintiff did not remain at the hospital, but visited the clinic there for treatment many times. He still suffers some limitation of use of the jaw, from which in time he will recover, and he may yet lose one tooth, which is loose. The plaintiff has suffered much pain and discomfort. The plaintiff's testimony as to loss of earnings is not credited by the Court. His hospital bill was twenty-seven dollars. No further special damages were proved.

Judgment is rendered that the plaintiff recover from the defendant damages of twenty-five hundred and twenty-seven dollars.